**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CLINTON RILEY, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:10-cv-600-JMS-MJD |
| | ) |
| SUPERINTENDENT NEW CASTLE | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

Having considered the pleadings and the expanded record in this action for habeas corpus relief brought by Clinton Riley ("Riley"), the court concludes that his petition for a writ of habeas corpus must be **denied.**

**A.**

Riley was convicted on May 8, 2001, in an Indiana state court of one count each of class A felony rape, class A felony criminal deviate conduct, and class C felony battery. Riley filed a direct appeal and on February 7, 2002, the Indiana Court of Appeals affirmed. Riley did not seek transfer to the Indiana Supreme Court. Riley filed petition for post-conviction relief on September 13, 2002. On October 19, 2004, Riley filed a motion to withdraw his petition for post-conviction relief. That same day, the post-conviction court ordered that Riley's petition be dismissed without prejudice.

On December 12, 2005, Riley filed a petition for a state writ of habeas corpus, which was denied by the trial court the next day. On January 7, 2008, Riley filed a petition for post-conviction relief and on January 20, 2009, the trial court held a hearing on the petition. The trial court denied Riley's petition for post-conviction relief on April 30, 2009. Riley's motion to correct errors was denied on May 13, 2009. Riley filed a notice of appeal on June 25, 2009, which the trial court denied as untimely.

Riley's August 28, 2009, petition for permission to file a belated appeal was granted on September 14, 2009. On November 12, 2009, the Indiana Court of Appeals ordered Riley to show cause within 30 days why his appeal should not be dismissed because he had already filed a direct appeal of his convictions and sentence, noting that Indiana Post-Conviction Rule 2(1) does not allow belated appeals from post-conviction proceedings. The Indiana Court of Appeals dismissed the appeal with prejudice on January 22, 2010. Riley filed his petition for a writ of habeas corpus in this court on July 19, 2010.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

## B.

The facts pertinent to the computation of the statute of limitations are the following:

- ! Riley's conviction and sentence were affirmed by the Indiana Court of Appeals on February 7, 2002.

- ! Riley's conviction and sentence became final on May 8, 2002, which is 90 days after the Indiana Court of Appeals affirmed his conviction and sentence.

- ! On September 13, 2002, Riley filed a petition for state post-conviction relief. That post-conviction action remained pending until it was dismissed without prejudice on October 19, 2004.

- ! Riley filed a petition for post-conviction relief on January 7, 2008, which was denied on April 30, 2009.

- ! Riley's habeas petition was filed with the clerk on July 19, 2010.

## C.

The legal significance of the foregoing facts is the following:

- ! Riley's conviction was "final" for purposes of the AEDPA on May 8, 2002, the date when the time to file a petition for a writ of certiorari expired. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis,* 415 F.3d 722, 726 (7th Cir. 2005).

- ! The statute of limitations established by 28 U.S.C. 2244(d) began to run on May 9, 2002, and ran until September 13, 2002, when Riley filed a petition for post-conviction relief. At that time, 127 days lapsed. The habeas clock was tolled by the filing of Riley's September 13, 2002, petition for post-conviction relief.

- ! Riley's petition for post-conviction relief was dismissed without prejudice on October 19, 2004. Treating October 19, 2004, as the date the habeas clock resumed, the statutory period expired 238 days later, on June 14, 2005. The habeas petition, however was not filed until July 19, 2010, more than five years after the statute of limitations expired.

! The filing of Riley's January 7, 2008, petition for post-conviction relief is not relevant to the computation of the statute of limitations in this case because the statute of limitations had expired more than two and a half years earlier. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). Riley's habeas petition was filed several years after the statute of limitations expired.

### D.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Riley's petition has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Riley has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/30/2010

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana