UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CLINTON RILEY,

        Petitioner,

v.                                    No. 1:10-cv-600-JMS-MJD

SUPERINTENDENT NEW CASTLE
  CORRECTIONAL FACILITY,

        Respondent.

**Entry Directing Treatment of Motion for Relief from Judgment**

**I.**

This action in which a state prisoner sought a writ of habeas corpus was dismissed based on the court's determination that the habeas petition had not been timely filed. Both this court and the Court of Appeals declined to issue a certificate of appealability.

On December 30, 2011, the clerk received and filed Riley's motion for relief from judgment.

**II.**

Under *Gonzalez v. Crosby,* 545 U.S. 524 (2005), a Rule 60(b) motion is a second or successive petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it . . . challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application." *Id.,* at 1215-16. Thus, when faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the district court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." *Id.,* at 1215.

In *Gonzalez,* the Supreme Court held that a state prisoner may not rely on Rule 60(b) to raise a claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254. "[F]or purposes of [28 U.S.C.] § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at

530 (citations omitted). The Court then provided guidance as to when a Rule 60(b) motion advances one or more "claims." *Id.* at 531-32. Specifically,"[a] motion that seeks to add a new ground for relief" advances a claim, as does a motion that "attacks the federal court's previous resolution of a claim on the merits. *Id.* However, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not construe the motion as a second or successive petition. *See id.*

Riley's motion for relief from judgment presents arguments that this court's resolution of his petition for a writ of habeas corpus was incorrect and therefore "void." *Gonzalez* defines "claim" to include a federal habeas court's previous resolution of a claim on the merits. Applying this portion of *Gonzalez* here, it must be concluded that Riley is advancing one or more "claims" as defined by *Gonzalez.* Because of this, and because Riley is not permitted to circumvent the filing restriction of § 2244(b), his motion for relief from judgment must be treated as a new civil action.

### III.

The motion [44] shall be **processed as a new civil action.** The nature of suit code for the new action is 530, and the cause of action is 28: 2254(a). When composing the caption, the *petitioner* is Clinton Riley and the *respondent* is Riley's custodian, Superintendent Zenk.

A **copy of this Entry** shall be docketed in the newly opened action.

The assignment of judicial officers in the newly opened action shall be by random assignment.

### IV.

The motion for relief from judgment [44] is **denied** insofar as it has been docketed in the above action.

**IT IS SO ORDERED.**

Date: 01/11/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

**Distribution:**

**Clinton Riley**
**No. 111204**
**New Castle Correctional Facility**
**1000 Van Nuys Road**
**New Castle, IN 47362**

**james.martin@atg.in.gov**